JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

16-CV-1066

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)


LDD

16   1066

## I. (a) PLAINTIFFS
JOHN P. DUNLEAVY

**DEFENDANTS**
DEER RUN COMMUNITY ASSOCIATION, INC.,
RICHARD SCHULANG, HARRY RYDER, DAN WALKER
CLINE PROPST, MIKE IMPERIAL

(b) County of Residence of First Listed Plaintiff  Bucks County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)
Charles Weiner, Law Offc. of Charles Weiner
Cambria Corp. Center, 501 Cambria Ave., Bensalem, PA 19020
267-685-6311

Attorneys (If Known)
John P. Gonzales

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District (specify)
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Housing Act, 42 U.S.C. §3601 et. seq.

Brief description of cause:
Defendants discriminated against Plaintiff by denying request for reasonable accommodations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$150,000+ and Injunctive

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: March 4, 2016
SIGNATURE OF ATTORNEY OF RECORD

MAR 07 2016

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: John P. Dunleavy, 2633 Fallow Hill Lane, Jamison, PA 18929

Address of Defendant: Deer Run Community Association, Inc., et. al., P.O. Box 584, Montgomeryville, PA 18936

Place of Accident, Incident or Transaction: 2633 Fallow Hill Lane, Jamison, PA 18929

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Charles Weiner, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: March 4, 2016      _____ Attorney-at-Law      52926  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 4, 2016      _____ Attorney-at-Law      52926  Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN P. DUNLEAVY | : | CIVIL ACTION |
| v. | : | |
| DEER RUN COMMUNITY ASSOCIATION INC., RICHARD SCHULANG, et. al. | : | NO. 16  1066 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| March 4, 2016 | Charles Weiner | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-685-6311 | 215-604-1507 | charles@charlesweinerlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 0 7 2016

# Law Office of Charles Weiner

Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020

267-685-6311
215-604-1507 (fax)
www.CharlesWeinerLaw.com

March 4, 2016

**16    1066**

U.S. District Court, E.D. PA
Clerks Office
601 Market Street
Room 2609
Philadelphia, PA 19106

Re:   John P. Dunleavy v. Deer Run Community Association, et. al.

Dear Sir or Madam:

Please find enclosed for filing the following:

1. Civil Cover Sheet
2. Designation Form (2 copies)
3. Case Management Track Designation Form
4. Civil Action Complaint (2 copies)
5. Flash Drive with copies the Coplaint.
6. Check for $400.00 payable to "Clerk, U.S. District Court"
7. Self addressed stamped envelope.

Kindly use the postage paid envelope to send us the Summons and a stamped copy of the complaint.

Thank you for your attention to this matter.

Very truly yours,

Charles Weiner

#400

LDD

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN P. DUNLEAVY, )
)
Plaintiff, )           16    1066
)
v. )   Case No.
)
DEER RUN COMMUNITY ASSOCIATION, INC. )
RICHARD SCHULANG )
HARRY RYDER )
DAN WALKER )
CLINE PROPST )
MIKE IMPERIAL )
)
Defendant. )
)

## COMPLAINT

Plaintiff, JOHN P. DUNLEAVY ALLEGES as follows:

1. This action challenges the discriminatory denial of reasonable accommodations and for retaliation under the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 et. seq. This action seeks both injunctive relief and damages.

## JURISDICTION

2. These claims arises under the Fair Housing Act, as amended, 42 U.S.C. §3601 et. seq., and this Court has subject matter jurisdiction based on a federal question under 28 U.S.C. §§1331 and 1343(a)(4). This Court also has jurisdiction pursuant to 42 U.S.C. §3613, providing for civil actions in this Court by an aggrieved person subject to discriminatory housing practice.

1

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391, Defendants are located within this District and because the claims arose within this judicial district.

## PARTIES

4. JOHN P. DUNLEAVY currently owns and resides at 2633 Fallow Hill Lane, Jamison, PA 18929, which is located in a residential subdivision known as Deer Run Estates.

5. DEER RUN COMMUNITY ASSOCIATION a/k/a DEER RUN HOMEOWNER'S ASSOCIATION (DEER RUN) is a not for profit corporation organized under the laws of the Commonwealth of Pennsylvania. DEER RUN's principal office is located at P.O. Box 584, Montgomeryville, PA 18936.

6. The Defendant, RICHARD SCHULANG is a person under 42 U.S.C. §3602 and an officer on the Board of Directors of DEER RUN and at all time material hereto, was in a position to and did discriminate against plaintiff in the provision of housing practices, services and facilities.

7. The Defendant, HARRY RYDER is a person under 42 U.S.C. §3602 and an officer on the Board of Directors of DEER RUN and at all time material hereto, was in a position to and did discriminate against Plaintiff in the provision of housing practices, services and facilities.

8. The Defendant, DAN WALKER is a person under 42 U.S.C. §3602 and an officer on the Board of Directors of DEER RUN at all time material hereto, was in a position to and did discriminate against Plaintiff in the provision of housing practices, services and facilities.

2

9. The Defendant, CLINE PROPST is a person under 42 U.S.C. §3602 and an officer on the Board of Directors of DEER RUN and at all time material hereto, was in a position to and did discriminate against Plaintiff in the provision of housing practices, services and facilities.

10. The Defendant, MIKE IMPERIAL is a person under 42 U.S.C. §3602 and an officer on the Board of Directors of DEER RUN and at all time material hereto, was in a position to and did discriminate against Plaintiff in the provision of housing practices, services and facilities.

11. Defendants create, establish and enforce By-laws, rules, regulations, covenants, and architectural guidelines related to the housing units and property within the Deer Run Estates subdivision including the property owned by DUNLEAVY.

## FACTUAL ALLEGATIONS

12. Joseph Dunleavy, who is the father of Plaintiff, JOHN P. DUNLEAVY, is a person with disabilities, as defined by 42 U.S.C. §3602. Joseph Dunleavy is seventy-five years old, he is a large man weighing over 400 pounds; has a replaced hip and replaced titanium knee, which individually and collectively cause substantial limitations to his living activities, mobility, and ability to navigate walking any distance.

13. Joseph Dunleavy presently lives alone but due to his permanent disabilities he requires frequent supervision. Joseph Dunleavy frequently visits the home of his son, Plaintiff JOHN P. DUNLEAVY. Furthermore, Plaintiff DUNLEAVY intends to have his father, Joseph Dunleavy, move into his home in order to provide better care and supervision of his father.

14. Accordingly, Plaintiff DUNLEAVY is an aggrieved and associated person under 42 U.S.C. §§3602 and 3604(f).

15. The By-laws, rules, regulations, covenants and architectural guidelines enforced by Defendants contain no provisions that expressly restrict the width of DUNLEAVY's driveway within its property line.

16. DUNLEAVY's property currently has a narrow, nine-foot wide paved driveway, which on the one side is bordered by rocks and on the other side is bordered by mulch. The width of DUNLEAVY's driveway is wide enough to fit a single vehicle; however, when a vehicle is parked on the paved driveway, there is marginal paved space on which to walk on each side of the vehicle.

17. Due to Joseph Dunleavy's disabilities and substantial mobility impairments, he is unable safely walk on the driveway including entering or exiting his vehicle when parked in DUNLEAVY's driveway.

18. Due to the narrow conditions of DUNLEAVY's driveway, a barrier exists that impedes Joseph Dunleavy's ability to safely walk on the driveway and to enter his son's home.

19. DEER CREEK's architectural guidelines requires that homeowners submit written requests and obtain approval from DEER CREEK's Board of Directors to make any modifications to one's property including widening of one's driveway.

20. On or about May 15, 2015, DUNLEAVY submitted the requisite documentation and site plan requesting approval from Defendants to widen his driveway by ten feet.

21. DUNLEAVY's request to widen and modify the driveway was a request for a reasonable accommodation under the Fair Housing Act to Defendants.

22. By letter dated May 29, 2015, DEER RUN's Board of Director denied DUNLEAVY's request for reasonable accommodations stating in pertinent part:

> The Deer Run Board of Directors recently reviewed your request for the widening of the driveway in front of your home.
>
> The request cannot be approved based on the proposed dimensions that you have submitted. You may resubmit your request for consideration if the proposed widening encroaches no more than 2-3 feet into the front yard of your home.

23. On June 1, 2015, DUNLEAVY requested an opportunity to have his request for accommodations reconsidered and to address the Board.

24. DUNLEAVY was advised that the DEER RUN Board of Directors scheduled a meeting for July 21, 2015 to discuss DUNLEAVY's request.

25. DUNLEAVY appeared before DEER RUN's Board of Directors on July 21, 2015. Through out the meeting, the Defendant Board of Directors, harassed, humiliated and insulted DUNLEAVY and otherwise denied his request for reasonable accommodations.

26. Following the July 21, 2015 meeting with DEER RUN's Board of Directors, DUNLEAVY furnished DEER RUN's counsel with additional documentation supporting the request to widen the driveway include a medical note from Joseph Dunleavy's physician.

27. Joseph Dunleavy's physician's letter to the Board of Directors confirmed that Joseph Dunleavy has a "permanent disability" with "significant impairments to his mobility" The physician further wrote that adding a ten foot wide accessible parking spot to the drive way was a reasonable accommodation to his disability and would help prevent undue hardship to Joseph Dunleavy's mobility issues.

28. DEER RUN through its counsel approved for DUNLEAVY to widen his driveway by ten feet; however, it placed an unlawful condition on the accommodation requiring that:

> (1) Installation of the driveway widening...may not begin until you submit copies of any and all approvals required by Warwick Township for modification of the interior, and evidence that the basement is approved and ready for handicapped residency.
>
> (2) The accommodation (driveway widening) may remain as long as your handicapped father resides in the residence. You must notify [DEER RUN] within seven (7) days of your father vacating the residence, and the driveway widening must be removed (and the grass area restored) within sixty (60) days thereof.

29. The foregoing conditions mandate that in order for DEER RUN to approve the requested accommodations that DUNLEAVY must make modifications to the inside of his house and obtain approval for the interior changes from township governance and DUNLEAVY must remove the existing modifications to the driveway after Joseph Dunleavy vacates the residence.

30. The foregoing condition that Defendants placed on DUNLEAVY's accommodations are unlawful contrary to the Fair Housing Act.

6

31. Defendants treated Plaintiff in a disparate manner from other home owners in that many other properties have wider driveways consistent with DUNLEAVY's proposed modifications.

32. The foregoing actions were done with deliberate indifference to the rights of persons with disabilities and to persons associated with such persons with disabilities.

33. As a result of this harassment, retaliation and discrimination, Plaintiffs have actual damages, psychological distress, mental anguish, emotional distress, embarrassment, shame, worry, frustration, and humiliation. These losses are continuing in nature and Plaintiff will suffer these losses in the future.

### COUNT 1 – FAILURE TO MAKE REASONABLE ACCOMMODATIONS FOR A PERSON WITH A DISABILITY OR ASSOCIATED PERSON
### (42 U.S.C. § 3604(f)(3))

34. Plaintiff incorporates by reference the foregoing allegations as though set forth herein.

35. The foregoing conduct of Defendants constitutes discrimination against any person in the provision of services or facilities in connection with such dwelling, because of a disability.

36. Discrimination is defined as the refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

37. A wider driveway, which provides accessible parking spot for a person with a mobility impairment is the regulatory example of a reasonable accommodation under the Fair Housing Act. 24 C.F.R. § 100.204.

38.	Defendants' failure to modify its policies to accommodate the disability of Joseph Dunleavy and Plaintiff who is an associated person is discriminatory and unlawful.

39.	Defendants' failure to allow Plaintiff to widen his driveway to create an accessible parking spot is discriminatory and unlawful.

40.	It is a further discriminatory practice for Defendants to place a condition on Plaintiff, which requires removing an exterior modification, such as an accessible parking spot. 24 C.F.R. §100.203

41.	Such actions by Defendants were in total and reckless disregard of Plaintiff's rights and indifferent to his father's medical conditions or needs, and the rights of Plaintiff as an associated and aggrieved person.

42.	As a result of this discrimination, Plaintiff has actual damages, psychological distress, mental anguish, emotional distress, worry, frustration, and humiliation. These losses are continuing and Plaintiff will suffer these losses in the future.

### COUNT II – RETALIATION IN VIOLATION OF THE FAIR HOUSING ACT
### (42 U.S.C. §3617)

43.	Plaintiff incorporates by reference the foregoing allegations as though set forth herein.

44.	Defendants have engaged in numerous malicious acts with the intent to coerce, intimidate, threaten, or interfere with Plaintiff due to the fact that he chose to exercise the enjoyment of his rights under the Fair Housing Act.

8

45. These actions include, but are not limited to, denying Plaintiff the same opportunity to modify his property; ridiculing, humiliating and embarrassing Plaintiff during his presentation and request for accommodation at the Board of Directors meeting; speaking adversely about Plaintiff and further exposing Plaintiff to public ridicule to other residents of Deer Run Estates.

46. Defendants' actions were intentional and in total reckless disregard of Plaintiff's protected rights.

47. As a result of this harassment, retaliation and discrimination, Plaintiff has actual damages, psychological distress, mental anguish, emotional distress, worry, frustration, and humiliation. These losses are continuing and Plaintiff will suffer these losses in the future

## RELIEF REQUESTED

1. That the Court declares that the actions of the Defendants violated the Fair Housing Act by discriminating against persons with disabilities and associated persons.

2. That the Court enjoin Defendants from discriminating against Plaintiff or any other person, on the basis of disability and immediately order the Defendants to allow plaintiff to make the modification to his driveway without any condition to remove the modification.

3. An order granting such other injunctive relief as may be appropriate.

4. An order granting declaratory relief.

5. An order awarding compensatory and punitive monetary damages.

6. An award for attorney fees, costs, and expenses of suit incurred herein.

7. Award for such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issue so triable.

Respectfully submitted

Dated: March 4, 2016          /s/ CW4713

Charles Weiner, Esquire
PA Attorney I.D. # 52926
LAW OFFICE OF CHARLES WEINER
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
Tel: (267) 685-6311
Fax: (215) 604-1507
charles@charlesweinerlaw.com

10